# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:24-cv-00234-MOC

JESSE JAMES MONTGOMERY,        )
                                      )
             **Plaintiff,**        )
                                      )
vs.                               )         **ORDER**
                                      )
                                      )
DAKOTA WOLFE, et al.          )
                                      )
            **Defendants.**      )
_____)

      **THIS MATTER** is before the Court on initial review of Plaintiff's pro se Complaint [Doc. 3] pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 5].

## I.    BACKGROUND

      On or about September 10, 2024, pro se Plaintiff Jesse James Montgomery ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 against Defendants Dakota Wolfe, Jacob Staggs, Tyler Messer, and Nick Zecher, all identified as Henderson County Sheriff's Officers, in their official capacities only. [Doc. 1]. Plaintiff also purports to name his state criminal defense attorney, Michael LovJoy, as a Defendant for LovJoy's alleged ineffective assistance of counsel. [See id. at 4]. Plaintiff alleges as follows.

      On February 16, 2022, Plaintiff and his passenger, Tiffany Watkins, were pulled over by a state trooper. His vehicle was searched, but nothing was found. He was given a ticket for driving with a revoked license. After law enforcement drove away, Watkins, who was now driving, and the Plaintiff started to drive toward Plaintiff's house. A couple blocks down the road, Watkins and the Plaintiff were pulled over by Defendant Wolfe. [Doc. 1-1 at 3]. There were five officers

on the scene of the traffic stop.  [Id. at 1].  Officers searched the vehicle, and an illegal substance was found, which Plaintiff believes Defendant Wolfe planted there.  [Id. at 1-2].  Plaintiff was arrested for "possession of schedule 2."  [Id. at 1].  Defendant Wolfe deleted body camera footage of the search and seizure, knowing there was an ongoing case, and failed to preserve body cam footage of the other officers who assisted in the search of the vehicle.  [Id. at 2, 4].  At Plaintiff's trial, Defendant Wolfe made two different statements regarding the location where the illegal substance was found.  [Id.].  Plaintiff vaguely alleges that Defendants Staggs, Messer, and Zecher deleted "Recordid [sic] document" and deleted body cam footage.  [Id. at 4].

Plaintiff alleges that he had $388 in cash and a laptop computer in his vehicle when he was arrested and that, when he retrieved his car from impound after making bond, his cash was missing, and his computer broken.  [Id.].

Plaintiff purports to state claims for "bad faith to due process" under the Fourteenth Amendment and for ineffective assistance of counsel.[1]  [Id. at 3].  Plaintiff does not allege having suffered any injury, but he does purport to seek relief for intentional infliction of emotional distress.  [Id. at 5].  Plaintiff states he would like to consider what relief he seeks with a lawyer, if one is appointed for him, and otherwise seeks $2 million.  [Id.].

## II.    STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2).  Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify

---

[1] The Court will address only those claims fairly raised by Plaintiff's Complaint.

cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## IV. DISCUSSION

Plaintiff's Complaint fails initial review for several reasons.

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

First, to the extent Plaintiff intends to state a claim against his state court attorney, he has failed. Court-appointed criminal defense attorneys do not act under color of state law and are therefore not subject to suit under § 1983. Pucket v. Carter, 454 F.Supp.2d 448, 451 (M.D.N.C. Sept. 26, 2006) (citing Hall v. Quillen, 631 F.2d 1154, 1156 (4th Cir. 1980)). The Court, therefore, will dismiss Defendant LovJoy as a Defendant in this matter for Plaintiff's failure to state a claim for relief against him.

3

Next, suits against an officer in his official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165, 105 S.Ct. 3099 (1985) (1985) (quoting Monell v Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035 (1978)). The Office of Sheriff is not liable under § 1983 for an employee's acts "unless action pursuant to official municipal policy of some nature caused [the] constitutional tort." Collins v. City of Harker Heights, 503 U.S. 115, 120-21, 112 S.Ct. 1061, 1066 (quoting Monell, 436 U.S. at 691, 98 S.Ct. at 2036). That is, "[f]or a governmental entity to be liable under section 1983, the official policy must be the moving force of the constitutional violation." Moore v. City of Creedmoor, 345 N.C. 356, 366, 481 S.E.2d 14, 21 (1997) (internal quotation marks and citations omitted). "Thus, the entity's 'policy or custom' must have played a part in the violation of federal law." Id. (quoting Monell, 436 U.S. 658, 694, 98 S.Ct. at 2037-38). Plaintiff here purports to sue Defendants Wolfe, Staggs, Messer, and Zecher, who he identifies as Henderson County Sheriff's Officers, in their official capacities only. Plaintiff, however, does not allege that any official policy was the moving force behind or otherwise played a part in any constitutional violation. Plaintiff's Complaint, therefore, is subject to dismissal on this ground alone.

Third, other than his vague allegation about deleting recorded documents and body cam footage, Plaintiff has failed to allege any personal participation by Defendants Staggs, Messer, or Zecher. To establish liability under 42 U.S.C. § 1983, a plaintiff "must affirmatively show that the official charged acted personally in the deprivation of [his] rights."[2] Williamson v. Stirling,

---

[2] To the extent Plaintiff purports to state a claim based on his missing cash and broken computer, he has also failed. In addition to not having alleged who was responsible for these alleged deprivations, Plaintiff has an adequate post-deprivation remedy in state tort law. See Hudson v. Palmer, 468 U.S. 517, 533 (1984) (stating that intentional deprivations of property do not violate the Due Process Clause if a meaningful post-deprivation remedy for the loss is available); Wilkins v. Whitaker, 714 F.2d 4, 6 (4th Cir. 1983) ("Under North Carolina law, an action for conversion will lie against a public official who by an unauthorized act

4

912 F.3d 154, 171 (4th Cir. 2018) (cleaned up); see Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). Plaintiff's allegations against Defendants Staggs, Messer, or Zecher are too vague and conclusory to satisfy the most basic pleading requirements. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). The Court, therefore, will dismiss Defendants Staggs, Messer, and Zecher as Defendants in this matter.

Finally, the Court considers Plaintiff's allegations that Defendant Wolfe planted evidence and deleted body cam footage of the search of Plaintiff's vehicle under the Fourth Amendment. The Fourth Amendment protects "[t]he right of the people to be secure in their persons ... against unreasonable ... seizures." U.S. Const. amend. IV. Section 1983 provides a federal cause of action for Fourth Amendment false arrest. Wallace v. Kato, 549 U.S. 384 (2007). "False arrest and false imprisonment overlap; the former is a species of the latter. Wallace, 549 U.S. at 387-88. An arrest is a seizure under the Fourth Amendment, and such a seizure is reasonable only if based on probable cause. Wilson v. Kittoe, 337 F.3d 392, 398 (4th Cir. 2003). Probable cause to justify an arrest means "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." Michigan v. DeFillippo, 443 U.S. 31, 37 (1979). Whether probable cause exists must be determined "in the light of all of the surrounding circumstances." Porterfield v. Lott, 156 F.3d 563, 569 (4th Cir. 1998). To state

wrongfully deprives an owner of his property."). The Court, therefore, will dismiss this claim.

a cognizable § 1983 claim for false arrest, a plaintiff must allege that law enforcement officers arrested him without probable cause.  See Pleasants v. Town of Louisa, 524 F. App'x 891, 897 (4th Cir. 2013).

A malicious prosecution claim under § 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort. Lambert v. Williams, 223 F.3d 257, 261 (4th Cir. 2000).  To state a malicious prosecution claim, a plaintiff must allege that the defendant caused a seizure of the plaintiff pursuant to legal process, unsupported by probable cause, and the criminal proceedings terminated in plaintiffs' favor.  Evans v. Chalmers, 703 F.3d 636, 647 (4th Cir. 2012).  To demonstrate a favorable termination of a criminal prosecution for purposes of a malicious prosecution claim, a plaintiff need only show that his prosecution ended without a conviction.  Thompson v. Clark, 142 S. Ct. 1332, 1335 (2022).

Thus, even if Plaintiff had sued Defendant Wolfe in his individual capacity, Plaintiff's claim appears to be barred by Heck v. Humphrey, 512 U.S. 477 (1994).  In Heck, the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action

6

should be allowed to proceed, in the absence of some other bar to
the suit.

Id. at 486-87 (footnotes omitted; emphasis added). Here, given that Plaintiff alleges that he was arrested and prosecuted based on planted evidence, a judgment in Plaintiff's favor would necessarily imply the invalidity of the conviction and sentence in the underlying criminal matter. Plaintiff, however, does not allege that the conviction has been reversed or otherwise invalidated. Plaintiff's Complaint, therefore, appears to be barred by Heck.

Because Plaintiff has failed to state a claim for relief, Plaintiff's Complaint fails initial review, and the Court will dismiss it without prejudice. The Court, however, will allow Plaintiff to amend his Complaint to state a claim for relief.

The Court will also address Plaintiff's statement regarding appointment of counsel. There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). The existence of exceptional circumstances in each case "hinges on characteristics of the claim and the litigant." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984). To make this determination, a court must collectively assess "(1) whether the plaintiff asserts a claim that is not frivolous, (2) the difficulty of the claim, and (3) whether the plaintiff can present the claim considering the skill required to do so and the plaintiff's individual abilities." Jenkins v. Woodard, 109 F.4th 242, 248 (4th Cir. 2024) (citing Brock v. City of Richmond, 983 F.2d 1055, 1055 (4th Cir. 1993) (per curiam)). "The district court's failure to make these assessments is legal error." Id. Where a pro se plaintiff presents a colorable claim but "lacks the capacity to present it" in light of the objective complexity of the claim and the plaintiff's subjective abilities, the case presents "exceptional circumstances." Id. at 247 (quoting Whisenant, 739 F.2d

at 162).

Here, Plaintiff only states that he would like to discuss the issue of relief if an attorney is appointed for him. [Doc. 1 at 5]. Even if the Court were to construe this as a motion for appointment of counsel, it would be denied. Plaintiff has not yet even demonstrated that this claim will pass initial review, much less that it has potential merit. Until that has been shown, the Court cannot assess the complexity of the claim or what skill may be required to prosecute the same. Therefore, at this stage, the Plaintiff has failed to meet any of the requirements for establishing exceptional circumstances necessitating the appointment of counsel.

## V.    CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review and will be dismissed without prejudice. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

## <u>ORDER</u>

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint fails initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B) for Plaintiff's failure to state a claim for relief and shall be **DISMISSED WITHOUT PREJUDICE** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

8

**IT IS FURTHER ORDERED** that Defendant LovJoy is hereby **DISMISSED** as a Defendant in this matter.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form.

**IT IS SO ORDERED**.

Signed: October 4, 2024

Max O. Cogburn Jr.
United States District Judge